In the Matter of ALISSA E., Respondent, v MICHAEL M., Appellant. [62 NYS3d 343]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 17, 2015, which found that the $45,000 purge amount was received and satisfied, and confirmed a Support Magistrate's finding that respondent father had willfully failed to pay child support and arrears, and order, same court (Stewart H. Weinstein, J.), entered on or about

April 29, 2016, which, to the extent appealed from as limited by the briefs, denied the father's motion for an enlargement of time to file objections to a May 29, 2014 child support order and a June 29, 2015 order of disposition, and denied his request for sanctions, unanimously affirmed, without costs.

Family Court providently exercised its discretion in denying the father's motion for an enlargement of his time to file objections to the May 2014 support order and the June 2015 order of disposition (see CPLR 2004). The motion was made more than a year after his objections were found to be untimely and his motion to reargue was denied.

The objection procedure does not apply to the June 2015 order of disposition finding the father's willful violation of the child support order (see Family Ct Act § 439 [a], [e]). The father had ample opportunity to present arguments and objections when the matter was referred to a Family Court Judge for confirmation. Although the father now contends that the Judge should have determined whether the purge amount was fair and appropriate, the father paid the purge amount without seeking a reduction. He offers no grounds to disturb the determination of willfulness on the merits (see Matter of Maria T. v Kwame A., 35 AD3d 239 [1st Dept 2006]).

Family Court providently exercised its discretion in denying the father's request for sanctions (see 22 NYCRR 130-1.1 [a]; Grozea v Lagoutova, 67 AD3d 611 [1st Dept 2009]). The father has not shown on the record here that the mother falsified child care expenses or otherwise shown grounds for this Court to disturb the Family Court's determination that the mother's motion papers were not frivolous. The issue of child care expenses is still being litigated between the parties in an ongoing trial on the father's downward modification petition.

We have considered the father's remaining arguments and find them unavailing.

The father's appeal is not frivolous; accordingly, we deny the mother's request for sanctions. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.